IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**DAVID TIMITOPE OYEBANJO,**

 **Plaintiff,**

vs.               Case No. 4:12cv83-MP/CAS

**ERIC H. HOLDER, JR., et al.,**

 **Defendants.**

_____/

## REPORT AND RECOMMENDATION

  Petitioner, proceeding *pro se*, initiated this case on February 16, 2012, by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner alleged that he entered immigration custody on August 1, 2011, awaiting removal to his native country of Nigeria. *Id.*, at 1. Petitioner was not challenging the validity of the removal order, only his indefinite detention under Zadvydas v. Davis, 533 U.S. 678 (2001), and claimed Respondents "refuse to release him even though they are unable to deport him and will be unable to deport him in the reasonably foreseeable future." *Id.*, at 2. Service was directed, doc. 3, and Respondents have now filed a motion to dismiss. Doc. 12.

Respondents move to dismiss because Petitioner was removed from the United States to Nigeria on March 23, 2012.  Doc. 12.  An attachment to the motion indicates Petitioner's removal was witnessed by an immigration officer.  Doc. 12-1, p. 3.  Thus, because Petitioner has already been removed, Respondents contend the case should be dismissed as moot.  Doc. 12, p. 2.

Petitioner has essentially been provided the relief sought in this petition, release from detention.  Because there is no further judicial remedy left, the motion to dismiss should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 12, be **GRANTED** and this case **DISMISSED as moot** because Petitioner has already been removed from the United States.

**IN CHAMBERS** at Tallahassee, Florida, on April 16, 2012.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**